UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| George Logue | CIVIL ACTION |
| | |
| Plaintiff | CASE NO.1:05-cv- |
| | COMPLAINT FOR DAMAGES |
| | Civil Rights Violation - Medical |
| v. | Malpractice |
| | |
| Steven Karlin, | (UNLIMITED CIVIL CASE) |
| Phillip Dingman | |
| New Bedford Child & Family Services | 05 - 11752 NMG |
| Defendants | Referred to MJ JL C/exendu, |

Comes now the plaintiff with this complaint pursuant to U.S.C. Title 42 section 1983 and 1985.

FIRST CAUSE
(Civil Rights Violation - Malpractice)

Plaintiff alleges:

Parties
1. Plaintiff is currently a resident of Middlesex County, Massachusetts.
2. Defendant New Bedford Child & Family Services located at Myrtle Street, and 543 North Street, New Bedford, MA 02740, and while under it's employment and direction, Steve Karlin, and Phillip Dingman,, at all times herein mentioned claimed to be trained professionals at those mental health facilities and outpatient clinics, with their principal places of business in Bristol County, were engaged in providing hospital services, facilities, mental health treatment and psychiatric care.
3. Plaintiff is unaware of all the true names and capacities of defendants sued herein, inclusive, and therefore sues these defendants by their names known to him and according to their believed capacity of employment. Plaintiff will amend this complaint to allege additional defendants or more accurate names if ascertained. Plaintiff is informed and believes and thereon alleges that each of the named defendants is responsible in some manner for the occurrences herein alleged, and that injuries as herein alleged were proximately caused by their conduct.
4. Defendants Dingman and Karlin at New Bedford Child & Family Services, and at all times herein mentioned were duly licensed and practicing physicians specializing in Psychiatry. Plaintiff is informed and believes and thereon alleges that each of the named defendants is responsible in some manner for the occurrences herein alleged, and that his injuries as herein alleged, and thereafter contributed to by continuing unnecessary treatment, were proximately caused by their conduct.
5. Defendant's Karlin, and Dingman, and each of them, at all times herein mentioned were the agents and employees of their co-defendant New Bedford Child & Family Services,

1

and in doing these things hereinafter alleged, did so while at New Bedford Child & Family Services facilities. Plaintiff is informed and believes and thereon alleges, each and every one of the wrongful acts of the defendants, complained of herein was done under the approval, express or implied, of their employer.

## Jurisdiction

6. This court has jurisdiction over this matter; pursuant to title 42 U.S.C.S. Plaintiff beseeches this court in order that an impartial forum is available. The complaint is being introduced, now, at this late juncture only as it has become apparent that the events, as described herein and in relation to the other related complaints, are responsible for injuring plaintiff and continue to have an adverse affect on his historical and future record. Plaintiff submits this action now where, his absence of knowledge and understanding of the existence, and nature injuries caused by defendants, prevented him from filing complaints at an earlier date (see paragraph 10).

## Facts

7. On July 27, 1995, and at several other times thereafter, plaintiff, having been urged by family members and in conjunction with a friend of plaintiff's parents, Dr. Jonathan Schwartz of New Bedford, presented himself to New Bedford Child & Family Services (NBC & FS) for an intervention to counseling he had received from Dr. Schwartz. On this date, and on several occasions thereafter, to be confirmed by medical records,[1] plaintiff received counseling by the defendants, and each of them, who led him to believe a problem existed with his state of mental health. At a later time, plaintiff became aware that these diagnosis were false and had been fabricated for use and purposes other than for which they should have been intended; for patients well being[2]. Instead by presenting unspecific diagnosis, which were not verified, and which were changed and replaced with other unsupportable diagnoses over time, the defendants created a false means by which they could prescribe medication and submit bills to be paid by public insurance. During the period between 1995 and 2000, defendants NBC & FS, Dingman, and Karlin and each of them violated plaintiff's civil rights guaranteed under the United States Constitution, the Massachusetts Civil Rights Act, and the Massachusetts Equal Rights Act, failing to meet the standards of their profession or respective licenses, by treating plaintiff unnecessarily, based on false diagnoses, whereupon he was administered defective mental treatment including the administration of psychiatric medications. This occurred on several occasions, while in the care and control of the facilities as well as an outpatient. On one such occasion, defendant Karlin, the Myrtle Street facility, and it's servants and agents, violated plaintiff's rights guaranteed by the Due Process and Equal Protection clauses of the Fourteenth Amendment and a panoply of other rights arising under the Constitution as enforced by § 1983, and Massachusetts G. L. c. 123 § 15, and G. L. c. 12 § 11, by imprisoning him against his will and subjecting him to unwarranted

---

[1] Several requests have been submitted to New Bedford Child & Family Services for records pursuant to 243 code Mass. Regs. § 2.07 (13)(B). Only a fraction of the records requested were granted, and further inquiries met with no response.
[2] Subsequent diagnosis from other certified professionals indicate no problem with plaintiff's mental health existed.

and further unneeded medical treatment and evaluation, and despite repeated demands to be released. Plaintiff, suffering severe "side-effects" from treatment, and an overall deterioration affect during this period and since, questioned the need for the prescribed medications and the accuracy of the diagnosis upon which they were being administered. During that period of "care" at the Myrtle Street facility, plaintiff's queries never received answers substantiating the nature and variability of diagnoses, the need for prolonged stays, the need subsequently for medications, nor especially any warnings of the potential long term adverse affects and problems associated with using, and discontinuing the medications. Defendants violated G.L. c. 233 § 20B whereby they treated plaintiff unnecessarily, based on false accusations and hearsay obtained by irregular, coerced and unprivileged communication; and then inherently false diagnoses, where upon they administered defective mental treatment including the prescription of psychiatric medications. During the periods of "evaluations" at the facilities, plaintiff never received answers to these queries, or as to the nature of a real and consistent diagnosis.

8. As a result of the acts of defendants, and each of them, and their failure in providing reasonable care, treatment rendered by the defendants, and the inaccurate recorded accounts thereof, indicate negligent supervision by NBC & FS and by the individual defendants who thereby violated Restatement (second) of Torts 317, which states, in part, that an employer must also exercise "reasonable care" with an employee(s) who are acting outside the scope of employment "as to prevent him from harming others or so conducting himself as to create an unreasonable risk of bodily harm to them," if, first, the employer knows that it has the ability to control the employee(s) and "should know of the necessity and opportunity for exercising such control," and, second, the employee is in the workplace or using the property of the employer.

9. As a further result of these acts the unneeded treatment was used for excessive and unwarranted billing of public insurances, and as herein described caused plaintiff to suffer great damage to his reputation and embarrassment in his community, all to his damage. Further, their actions having been performed at NBC & FS, with that facilities knowledge, assistance, and yet failed supervision over it's individual defendant employees, support this action against NBC & FS, for their willful failure to investigate, review, and supervise plaintiff's care with respect to the false circumstances and diagnoses under which he received treatment.

10. As a proximate result of the conspired acts defendants, and each of them, and their agents, also violated section 1985. Further, concealment of facts and opinions, which indicated plaintiff had no ailments at all, prevented earlier recognition of what was happening, of the injuries that were occurring as a result (as opposed to any beneficial results). As a result plaintiff suffered therapy induced deterioration that caused great suffering and anguish of the body and mind.. Current analysis suggests the injuries could result in some permanent disability to plaintiff, all to his general damage.

11. As a further proximate result of the acts of defendants, and each of them, as herein alleged, plaintiff was required to and did employ physicians and counselors for medical examination, treatment, and care of injuries. As a proximate result of the acts of defendants, and each of them, as herein alleged, plaintiff has incurred, and may incur, further medical and incidental expenses for the care and treatment of these injuries, the exact amount of which is unknown at the present time. Further, the acts of defendants,

and each of them, as herein alleged, were willful, wanton, malicious, and oppressive, and justify the awarding of punitive damages.

## SECOND COUNT
### (Negligent Entrustment)

1. Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1 - 11, inclusive, of the First Count of this First Cause.
2. Defendant NBC & FS, negligently hired and entrusted co-defendants Dingman, and Karlin to provide psychiatric care and mental health treatment on their premises and to perform other related functions.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| George Logue | CIVIL ACTION |
| Plaintiff | CASE NO. 1:05-cv- |
| | COMPLAINT FOR DAMAGES |
| v. | Strict Liability – Standard of Care |
| Steven Karlin, | (UNLIMITED CIVIL CASE) |
| Phillip Dingman | |
| New Bedford Child & Family Services | |
| Defendants | |

SECOND CAUSE
(Strict Liability)

Plaintiff alleges:

1. Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1 - 11, inclusive, of the First Cause.
2. Defendant's Dingman and Karlin at New Bedford Child & Family Services, administered or provided psychotherapy on a regular basis to patients at their respective facilities of Myrtle Street, and 543 North Street, New Bedford, MA..
3. Defendant's, Dingman and Karlin oversaw, administered, or provided psychotherapy to plaintiff as an incidental part of the psychiatric care and mental health treatment imposed upon him as part of unneeded psychological evaluations and after care. In doing so, defendants, and each of them, failed to warn plaintiff of potentially harmful and irreversible effects caused by rendering unneeded treatment. Further, defendants were negligent and exhibited poor professional judgment by failing to inform and warn of risks associated with the various medications, or that a significant percentage of patients, receiving psychotherapy, suffer a known regression of health; a deterioration effect.
4. As a result of the actions, the defendants, and each of them, violated the Restatement (2nd) of Torts § 402A, regarding the strict liability of NBC & FS and it's agents for providing treatment, a product service in defective condition, where none was needed, and § 456 and § 457(b) pertaining to the emotional disturbance imparted by the negligence of the defendants. As a further proximate result of these actions and additional infractions of the defendants, including NBC & FS, the overseeing physicians, and social workers, plaintiff was treated with poor medical practice whereby the defendants failed to exercise the proper standard of care by failing to investigate, and disprove the hearsay and false pretenses originating from irregular communication with family sources.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| George Logue ] | CIVIL ACTION |
| ] | |
| Plaintiff ] | CASE NO.1:05-cv- |
| ] | COMPLAINT FOR DAMAGES |
| ] | Civil Rights Violation - Intentional |
| v. ] | Infliction of Emotional Distress |
| ] | |
| Steven Karlin, ] | (UNLIMITED CIVIL CASE) |
| Phillip Dingman ] | |
| New Bedford Child & Family Services ] | |
| Defendants ] | |

## THIRD CAUSE
(Intentional Infliction of Emotional Distress)

Plaintiff alleges:

### Parties

1. Plaintiff is currently a resident of Middlesex County, Massachusetts.
2. Defendant New Bedford Child & Family Services located at Myrtle Street, and 543 North Street, New Bedford, MA 02740, and while under it's employment and direction, Steve Karlin, and Phillip Dingman,, at all times herein mentioned claimed to be trained professionals at those mental health facilities and outpatient clinics, with their principal places of business in Bristol County, were engaged in providing hospital services, facilities, mental health treatment and psychiatric care.
3. Plaintiff is unaware of all the true names and capacities of defendants sued herein, inclusive, and therefore sues these defendants by their names known to him and according to their believed capacity of employment. Plaintiff will amend this complaint to allege additional defendants or more accurate names if ascertained. Plaintiff is informed and believes and thereon alleges that each of the named defendants is responsible in some manner for the occurrences herein alleged, and that injuries as herein alleged were proximately caused by their conduct.
4. Defendants Dingman and Karlin at New Bedford Child & Family Services, and at all times herein mentioned were duly licensed and practicing physicians specializing in Psychiatry. Plaintiff is informed and believes and thereon alleges that each of the named defendants is responsible in some manner for the occurrences herein alleged, and that his injuries as herein alleged, and thereafter contributed to by continuing unnecessary treatment, were proximately caused by their conduct.
5. Defendant's Karlin, and Dingman, and each of them, at all times herein mentioned were the agents and employees of their co-defendant New Bedford Child & Family Services, and in doing these things hereinafter alleged, did so while at New Bedford Child & Family Services facilities. Plaintiff is informed and believes and thereon alleges, each and

every one of the wrongful acts of the defendants, complained of herein was done under the approval, express or implied, of their employer.

Jurisdiction

6. This court has jurisdiction over this matter; pursuant to title 42 U.S.C.S. Plaintiff beseeches this court in order that an impartial forum is available. The complaint is being introduced, now, at this late juncture only as it has become apparent that the events, as described herein and in relation to the other related complaints, are responsible for injuring plaintiff and continue to have an adverse affect on his historical and future record. Plaintiff submits this action now where his absence of knowledge and understanding of the existence, and nature injuries caused by defendants, prevented him from filing complaints at an earlier date (see paragraph 10).

Facts

7. On July 27, 1995, and at several other times thereafter, plaintiff, having been urged by family members and in conjunction with a friend of plaintiff's parents, Dr. Jonathan Schwartz of New Bedford, presented himself to New Bedford Child & Family Services (NBC & FS) for an intervention to counseling he had received from Dr. Schwartz. On this date, and on several occasions thereafter, to be confirmed by medical records, plaintiff received counseling by the defendants, and each of them, who led him to believe a problem existed with his state of mental health. At a later time, plaintiff became aware that these diagnosis were false and had been fabricated for use and purposes other than for which they should have been intended; for patients well being. Instead by presenting unspecific diagnosis, which were not verified, and which were changed and replaced with other unsupportable diagnoses over time, the defendants created a false means by which they could prescribe medication and submit bills to be paid by public insurance. During the period between 1995 and 2000, defendants NBC & FS, Dingman, and Karlin and each of them violated plaintiff's civil rights guaranteed under the United States Constitution, the Massachusetts Civil Rights Act, and the Massachusetts Equal Rights Act, failing to meet the standards of their profession or respective licenses, by treating plaintiff unnecessarily, based on false diagnoses, whereupon he was administered defective mental treatment including the administration of psychiatric medications. This occurred on several occasions, while in the care and control of the facilities as well as an outpatient. On one such occasion, defendant Karlin, the Myrtle Street facility, and it's servants and agents, violated plaintiff's rights guaranteed by the Due Process and Equal Protection clauses of the Fourteenth Amendment and a panoply of other rights arising under the Constitution as enforced by § 1983, and Massachusetts G. L. c. 123 § 15, and G. L. c. 12 § 11, by imprisoning him against his will and subjecting him to unwarranted and further unneeded medical treatment and evaluation, and despite repeated demands to be released. Plaintiff, suffering severe "side-effects" from treatment, and an overall deterioration affect during this period and since, questioned the need for the prescribed medications and the accuracy of the diagnosis upon which they were being administered. During that period of "care" at the Myrtle Street facility, plaintiff's queries never received answers substantiating the nature and variability of diagnoses, the need for

prolonged stays, the need subsequently for medications, nor especially any warnings of the potential long term adverse affects and problems associated with using, and discontinuing the medications. Defendants violated G.L. c. 233 § 20B whereby they treated plaintiff unnecessarily, based on false accusations and hearsay obtained by irregular, coerced and unprivileged communication; and then inherently false diagnoses, where upon they administered defective mental treatment including the prescription of psychiatric medications. During the periods of "evaluations" at the facilities, plaintiff never received answers to these queries, or as to the nature of a real and consistent diagnosis.

8. As a result of the acts of defendants, and each of them, and their failure in providing reasonable care, treatment rendered by the defendants, and the inaccurate recorded accounts thereof, indicate negligent supervision by NBC & FS and by the individual defendants who thereby violated Restatement (second) of Torts 317, which states, in part, that an employer must also exercise "reasonable care" with an employee(s) who are acting outside the scope of employment "as to prevent him from harming others or so conducting himself as to create an unreasonable risk of bodily harm to them," if, first, the employer knows that it has the ability to control the employee(s) and "should know of the necessity and opportunity for exercising such control," and, second, the employee is in the workplace or using the property of the employer.

9. As a further result of these acts the unneeded treatment was used for excessive and unwarranted billing of public insurances, and as herein described caused plaintiff to suffer great damage to his reputation and embarrassment in his community, all to his damage. Further, their actions having been performed at NBC & FS, with that facilities knowledge, assistance, and yet failed supervision over it's individual defendant employees, support this action against NBC & FS, for their willful failure to investigate, review, and supervise plaintiff's care with respect to the false circumstances and diagnoses under which he received treatment.

10. As a proximate result of the conspired acts defendants, and each of them, and their agents, also violated section 1985. Further, concealment of, facts and opinions, which indicated plaintiff had no ailments at all, prevented earlier recognition of what was happening, of the injuries that were occurring as a result (as opposed to any beneficial results). It has become apparent that these were egregious acts, that were intentional, and were unnecessary for the purpose of any reasonable psychotherapy. Further, defendant's knowledge of plaintiff's concern and doubt about the changing and variable diagnoses, alarm about his deteriorating condition, the amount of time passing without any positive sign of improvement, the inherent variable treatments where plaintiff was visibly upset as a result of discussions regarding such issues, and pertaining to diagnoses and lack of improvement from defendant's treatment, and in that instance where defendants observed that plaintiff was becoming visibly distraught as a result of defendant's actions of confining him unnecessarily, ratified that the defendant's overall conduct was done with the knowledge that plaintiff's emotional and physical distress would thereby increase, and was done with a wanton and reckless disregard of the consequences to plaintiff. As a result plaintiff suffered therapy induced deterioration that caused great suffering and anguish of the body and mind. Defendant's acts, discussed herein this cause, as well as the administration of psychiatric medications, caused plaintiff to sustain further shock and injury to his nervous system and person, and among others, sustain injuries to the body and mind, all of which injuries caused plaintiff to suffer physical pain, and severe

and extreme mental anguish. Current analysis suggests the injuries could result in some permanent disability to plaintiff, all to his general damage.
11. As a further proximate result of the acts of defendants, and each of them, as herein alleged, plaintiff was required to and did employ physicians and counselors for medical examination, treatment, and care of injuries. As a proximate result of the acts of defendants, and each of them, as herein alleged, plaintiff has incurred, and may incur, further medical and incidental expenses for the care and treatment of these injuries, the exact amount of which is unknown at the present time. Further, the acts of defendants, and each of them, as herein alleged, were willful, wanton, malicious, and oppressive, and justify the awarding of punitive damages.

WHEREFORE, plaintiff prays judgment as follows:

1. For general damages according to proof;
2. For punitive and exemplary damages, amount demanded $ 1,500,000;
3. For medical and incidental expenses according to proof;
4. For interest as allowed by law;
5. For costs of suit herein incurred; and
6. For such other and further relief as the court may deem proper.

August 18, 2005                                          /s/ Jerry Jorgue

10

VERIFICATION

I, _George Logue_, am the plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same is true of my knowledge, except as to those matters, which are herein alleged on information and belief, and as to those matters, I believe it to be true. I declare under penalty of perjury under the laws of the State of Massachusetts that the foregoing is true and correct.

_George Logue_