```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

GEORGE LOGUE,                    )
          Plaintiff,             )
                                 ) C.A. No. 05-11752-NMG
     v.                          )
                                 )
STEVEN KARLIN, et al.,           )
          Defendant.             )
```

MEMORANDUM AND ORDER

For the reasons stated below, plaintiff's application to proceed without prepayment of fees is denied without prejudice and plaintiff shall demonstrate good cause why he should not be enjoined from filing further actions without leave of court. If plaintiff submits a new, fully-completed application to proceed without prepayment of the filing fee, he shall also demonstrate good cause why this action should not be dismissed for the reasons stated below.

BACKGROUND

On August 18, 2005, plaintiff George Logue, a frequent litigant in this Court,[1] filed an application to proceed without

---

[1] See Logue v. Massachusetts Inst. of Tech., C.A. No. 02-12493-DPW (defendant's motion for summary judgment granted), appeal filed, No. 05-1135; Logue v. USAA Fed. Sav., 02-12481-MLW (pending); Logue v. Harvard Univ., C.A. No. 03-12637-DPW (pending); Logue v. Soc. Sec. Admin., C.A. No. 02-12638-RWZ (dismissed), aff'd 04-2254 (1st Feb. 2, 2005); Logue v. Dartmouth Police Dep't, 04-10270-GAO (dismissed), appeal filed, No. 05-2409; Logue v. Third Dist. Court of New Bedford, 04-10271-GAO (dismissed under § 1915(e)(2)); Logue v. Taunton State Hosp., 04-10272-GAO (pending); Logue v. Beserosky, 04-10342-GAO (dismissed under § 1915(e)(2)); Logue v. Coakley, C.A. No. 04-10822-DPW (dismissed), appeal filed, No. 05-1131; Logue v. Coppola, C.A. No. 04-10823-DPW (dismissed), appeal filed, No. 05-1132); Logue v. Vakili, C.A. No. 04-10824-DPW (dismissed), appeal filed, No.

prepayment of the filing fee and a complaint naming as defendants the New Bedford Child & Family Services and two psychiatrists. See Complaint ("Compl."). The complaint is divided into three counts (1) civil rights; (2) medical malpractice; and (3) intentional infliction of emotional distress. Id. Plaintiff's complaint consists primarily of a recounting of events surrounding the psychotherapy treatment plaintiff received from defendants beginning on July 27, 1995 through 2000. Plaintiff complains that he was subject to improper diagnosis, treatment, and billing; ultimately resulting in injury to plaintiff including his involuntary commitment.

## DISCUSSION

I. The Application to Proceed Without Prepayment of Fees

A party filing a civil action in this Court must either (1) pay the $250 filing fee for civil actions or (2) seek to be granted in forma pauperis by filing an application to proceed without prepayment of the filing fee. See 28 U.S.C. § 1914 (filing fee for civil actions); Fee Schedule for the District of Massachusetts; 28 U.S.C. § 1915 (proceedings in forma pauperis). For the convenience of litigants, this Court provides a standardized, double-sided form for fee waiver applications entitled "Application to Proceed Without Prepayment of the Filing

---

05-1133); Loque v. Esperian, C.A. No. 04-11779-RCL (settlement order of dismissal; motion to reopen case denied Jun. 9, 2005); and Loque v. Cambridge District Court, C.A. No. 04-12096-DPW (dismissed), appeal filed, No. 05-1134).

Fee and Affidavit."

Plaintiff failed to fully answer question two on the application to proceed without prepayment of fees.  See Application, Docket No. 1.  Question two on the form asks litigants if they are employed.  See Question No. 2.  Although plaintiff reveals the fact that he is not employed, he has failed to reveal the date of his last employment, the amount of his take-home salary or wages and pay period, and the name of his last employer.  See Question No. 2(b).

Because the application is incomplete, I cannot make a determination whether plaintiff qualifies for in forma pauperis status and will deny it without prejudice.  I will grant plaintiff additional time to submit a new, fully-completed application.

　　　　　　II.   The Court May Screen This Action

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue so that the Court may conduct a preliminary review of the complaint and determine if it satisfies the substantive requirements of Section 1915.. See 28 U.S.C. § 1915.  A district court may dismiss a complaint filed in forma pauperis "at any time" if the court determines that the action lacks an arguable basis in law or fact, seeks relief against a defendant who is immune from liability, or fails to state a claim.  Neitzke v. Williams, 490

3

U.S. 319, 325 (1989) (interpreting the former § 1915(d)); 28 U.S.C. § 1915(e)(2)(b).

In forma pauperis complaints may be dismissed sua sponte and without notice under Section 1915 if the claims are based on an indisputably meritless legal theory or factual allegations that are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992)  Here, plaintiff's claims are subject to dismissal.

    III. Analysis

  A. The Section 1983 Claim

Contrary to plaintiff's assertion, the complaint does not state a claim under 42 U.S.C. § 1983 (providing remedy for deprivations "under color of any statute, ordinance, regulation, custom, or usage" of any state or territory).  Plaintiff has failed to show that the defendants were in any way acting under "the color of state law," which for practical purposes is equivalent to state action.  See Alexis v. McDonald's Restaurants of Mass., Inc., 67 F3d 341, 351 (1st Cir. 1995)(discussing state action requirement).  Child & Family Services of New Bedford is a private, non-profit organization and plaintiff does not allege facts from which it may be inferred that the defendants acted under "color of law."  See Henderson v. Center for Community Alternatives, 911 F.Supp. 689, 707 (S.D.N.Y. 1996) (private not-for-profit entity not considered a state actor even when its funding is between 90 & 99 percent public).

Moreover, plaintiff's civil rights claim is time-barred.

4

According to the complaint, the defendants' alleged actions occurred five to eight years ago, and would thus be barred by the three-year statute of limitations period for actions filed pursuant to 42 U.S.C. § 1983 in this court.  Centro Medico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1 (1st Cir. 2005)(applying law of forum state Puerto Rico); Owens v. Okure, 488 U.S. 235, 249-50 (1989)(applying Massachusetts three-year limitations period for torts); M.G.L. ch. 260 § 2A (tort actions) and § 5B (civil rights actions) (2005).

    B.  The Section 1985 Claim

Section 1985 of title 42 concerns conspiracies to violate civil rights.  Section 1985(1) deals with conspiracies to prevent persons from holding office or performing duties of a public office.  Section 1985(2) pertains to conspiracies to obstruct justice or to interfere with witnesses.  Section 1985(3) deals with conspiracies intended to deprive an individual or class of persons of protected rights based on "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)).

Because plaintiff has made no allegation which even inferentially indicates that any defendant has conspired against him in order to prevent the holding or performance of duties related to a public office, to obstruct justice or that the defendants were motivated by any class-based, invidiously

discriminatory animus, plaintiff's claims under Section 1985 must be dismissed. <u>Siaca v. Autoridad de Acueductos y Alcantarillados de Puerto Rico</u>, 160 F. Supp. 2d 188, 203-204 (D. P.R. 2001); <u>see</u> <u>Romero-Barcelo v. Hernandez Agosto,</u> 75 F.3d 23, 35 (1st Cir. 1996) (conclusory statements are insufficient to support a § 1985(3) claim); <u>accord</u> <u>Slotnick v. Staviskey</u>, 560 F.2d 31, 33 (1st Cir. 1977).

    C.   <u>Plaintiff's State Law Claims</u>

Because this action is subject to dismissal for the reasons stated above, <u>supra.</u>, ¶¶ III(A), (B), grounds no longer exist for federal subject matter jurisdiction over plaintiff's state law claims. Under 28 U.S.C. § 1367, "district court may decline to exercise supplemental jurisdiction" if "the district court has dismissed all claims under which it has original jurisdiction." 28 U.S.C. § 1367(c); <u>see</u> <u>Claudio-Gotay v. Becton Dickinson Caribe, Ltd.</u>, 375 F.3d 99, 104 (1st Cir. 2004) (citing <u>Rodriguez v. Doral Mortgage Corp.</u>, 57 F.3d 1168, 1177 (1st Cir. 1995)("As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims."). Here, the Court will decline to exercise pendent jurisdiction over plaintiff's state law claims.

    IV.   <u>Plaintiff Shall Demonstrate</u>
           <u>Good Cause Why He Should Not Be Enjoined</u>

For the reasons stated below, plaintiff is directed to demonstrate good cause why the Court should not enjoin him from filing new actions absent leave of Court.  A district court has the power to enjoin litigants who abuse the court system by filing groundless and vexatious litigation.  Elbery v. Louison, 201 F.3d 427, 1999 WL 1295871 at *2 (1st Cir. Dec. 17, 1999) (per curiam) (citing Cok v. Family Court of Rhode Island, 985 F.2d 32, 34 (1st Cir. 1999)).

Vexatious conduct occurs where a party's actions are frivolous, unreasonable or without foundation.  Local 285 Service Employees Intern'tl v. Nontuck Resources Assoc., Inc., 64 F.3d 735, 737 (1st Cir. 1995); accord Alexander v. United States, 121 F.3d 312, 315-316 (7th Cir. 1997).  Subjective bad intent is not necessary to justify an award for vexatious conduct, Local 285 Service Employees Intern'tl, 64 F.3d at 737, and bad-faith behavior in this context is equivalent to bringing suit on a frivolous claim, meaning a claim that no reasonable person could suppose to have any merit.  Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).

The Court takes into consideration that Mr. Logue is not an attorney.  However, plaintiff's repeated filing of factually and legally deficient complaints are a burden on this Court's time and resources.  Plaintiff's behavior is an abuse of the processes of this Court for the administration of justice and appears to

warrant the issuance of an order to the Clerk of this Court that the Clerk not file documents presented to the Clerk by plaintiff absent leave by a judge of this Court. See Castro v. United States, 775 F.2d 399, 408 (1st Cir. 1985) (per curiam) ("[I]n extreme circumstances involving groundless encroachment upon the limited time and resources of the court and other parties, an injunction barring a party from filing and processing frivolous and vexatious lawsuits may be appropriate."); accord Gordon v. United States Dep't of Justice, 558 F.2d 618, 618 (1st Cir. 1977) (per curiam) (same); Pavilonis v. King, 626 F.2d 1075, 1078 (1st Cir. 1980) (same).

## CONCLUSION

ACCORDINGLY, plaintiff's application to proceed without prepayment of fees is DENIED without prejudice and plaintiff shall, within 35 days of the date of this Order, demonstrate good cause why he should not be enjoined from filing further actions without leave of court. Moreover, if plaintiff wishes to proceed with this action, he shall, within 35 days of the date of this Order, (1) submit a new, fully completed application to proceed without prepayment of fees and (2) demonstrate good cause, in writing, why this action should not be dismissed for the reasons stated above. If plaintiff fails to submit a new application or demonstrate good cause, this action will be dismissed without prejudice and plaintiff will be enjoined from filing future

actions without leave of court.

SO ORDERED.


|  |  |
|---|---|
| __12/14/05__ | _s/ Nathaniel M. Gorton_ |
| DATE | NATHANIEL M. GORTON |
|  | UNITED STATES DISTRICT JUDGE |