# UNITED STATES DISTRICT COURT

District of __Massachusetts__

George Logue
_____Plaintiff_____

v.

Steven Kaplan et al.
_____Defendant_____

APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF
FEES AND AFFIDAVIT

FILED
IN CLERK'S OFFICE
2006 APR 25 P 3:54
U.S. DISTRICT COURT
DISTRICT OF MASS.

CASE NUMBER: 05-11752-NMG

I, __George Logue__ declare that I am the (check appropriate box)

☒ petitioner/plaintiff/movant    ☐ other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently incarcerated?    ☐ Yes    ☒ No    (If "No," go to Part 2)

   If "Yes," state the place of your incarceration _____

   Are you employed at the institution? _____ Do you receive any payment from the _____

   Attach a ledger sheet from the institution(s) of your incarceration showing at least the past six months' transactions.

2. Are you currently employed?    ☐ Yes    ☒ No

   a. If the answer is "Yes," state the amount of your take-home salary or wages and pay period and give the name and address of your employer.

   b. If the answer is "No," state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer.
   ~1998 · $10/hr. 30-35 hrs. a week    On Line Surveying/Engineering
   12 Kendall Rd.
   Boylston, MA

3. In the past 12 twelve months have you received any money from any of the following sources?

   a. Business, profession or other self-employment    ☐ Yes    ☒ No
   b. Rent payments, interest or dividends              ☐ Yes    ☒ No
   c. Pensions, annuities or life insurance payments    ☐ Yes    ☒ No
   d. Disability or workers compensation payments       ☐ Yes    ☒ No
   e. Gifts or inheritances                             ☒ Yes    ☐ No
   f. Any other sources                                 ☐ Yes    ☒ No

   If the answer to any of the above is "Yes," describe, on the following page, each source of money and state the amount received and what you expect you will continue to receive.
   ~$50/2 weeks Friends & Relatives

4.  Do you have any cash or checking or savings accounts?    ☒ Yes    ☐ No

    If "Yes," state the total amount.  $18 cash, $23.09 Checking

5.  Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or any other
    thing of value?    ☐ Yes    ☒ No

    If "Yes," describe the property and state its value.

6.  List the persons who are dependent on you for support, state your relationship to each person and indicate
    how much you contribute to their support.

    myself

I declare under penalty of perjury that the above information is true and correct.

_____4/25/06_____                    _____[signature]_____
        Date                              Signature of Applicant

**NOTICE TO PRISONER:** A Prisoner seeking to proceed IFP shall submit an affidavit stating all assets. In addition, a prisoner must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2006 APR 25 P 1:51
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| George Logue | CIVIL ACTION |
| | CASE NO.1:05-11752-NMG |
| Plaintiff | COMPLAINT FOR DAMAGES |
| | Civil Rights Violation - |
| v. | Medical Malpractice |
| | |
| Steven Karlin, | |
| Child & Family Services of New Bedford | (UNLIMITED CIVIL CASE) |
| | |
| Defendants | |

Comes now the plaintiff with this complaint pursuant to U.S.C. Title 42 section 1983 and 1985.

FIRST CAUSE
(Civil Rights Violation - Malpractice)

Plaintiff alleges:

Parties

1. Plaintiff is currently a resident of Middlesex County, Massachusetts.
2. Defendant Child & Family Services of New Bedford located at Myrtle Street, and 543 North Street, New Bedford, MA 02740, and while under it's employment and direction, Steve Karlin, at all times herein mentioned claimed to be a trained professional at those mental health facilities and outpatient clinics, with the principal places of business in Bristol County, that are engaged in providing hospital services, facilities, mental health treatment and psychiatric care.
3. Plaintiff is unaware of all the true names and capacities of all defendants sued herein, inclusive, and therefore sues these defendants by their names known to him and according to their believed capacity of employment. Plaintiff will amend this complaint to allege additional defendants or more accurate names if ascertained. Plaintiff is informed and believes and thereon alleges that each of the named defendants is responsible in some manner for the occurrences herein alleged, and that injuries as herein alleged were proximately caused by their conduct.
4. Defendant Karlin, while at defendant Child & Family Services of New Bedford, and at all times herein mentioned was duly licensed and a practicing physician specializing in Psychiatry. Plaintiff is informed and believes and thereon alleges that each of the named defendants is responsible in some manner for the occurrences herein alleged, and that his injuries as herein alleged, and thereafter contributed to by continuing unnecessary treatment, were proximately caused by their conduct.
5. Defendant Karlin, at all times herein mentioned was the agent and employee of the co-defendant Child & Family Services of New Bedford, and in doing these things hereinafter alleged, did so while at defendant Child & Family Services of New Bedford facilities. Plaintiff is informed and believes and thereon alleges, each and every one of the wrongful acts of the defendants, and each of them noted herein, was done under the approval, express or implied, of their employer.

### Jurisdiction

6. This court has jurisdiction over this matter; pursuant to title 42 U.S.C.S. Plaintiff beseeches this court in order that an impartial forum is available. The complaint is being introduced, now, at this late juncture only as it has become apparent that the events, as described herein and in relation to the other related complaints, are responsible for injuring plaintiff and continue to have an adverse affect on his historical and future record. Plaintiff submits this action now, where his absence of knowledge and understanding of the existence, and nature of injuries caused, prevented him from filing complaints at an earlier date..

### Facts

7. On July 27, 1995, and at several other times thereafter, plaintiff, having been urged by family members and in conjunction with a friend of plaintiff's parents, Dr. Jonathan Schwartz of New Bedford, presented himself to defendant Child & Family Services of New Bedford, at that time called New Bedford Child & Family Services, for an intervention to counseling he had received from Dr. Schwartz. On this date, and on several occasions thereafter, to be confirmed by medical records,[1] plaintiff received treatment by the defendants, and each of them, who led him to believe a problem existed with his state of mental health. On at least one such occasion, defendant Karlin, the Myrtle Street facility, and it's servants and agents, violated plaintiff's rights guaranteed by the Fourth Amendment and Due Process and Equal Protection clauses of the Fourteenth Amendment and a panoply of other rights arising under the Constitution as enforced by 42 U.S.C.S § 1983, and Massachusetts G. L. c. 123 § 15, and M.G.L. c. 12 § 11, by imprisoning him against his will and subjecting him to unwarranted and further unneeded medical treatment and evaluation, and despite repeated demands to be released. Defendants Karlin, Child & Family Services and its agents in violation of 42 U.S.C.S § 1985, conspired to admit, treat, and detain the plaintiff at the facility for reasons related to their own financial interests rather than the patient's psychiatric condition. At a later time, plaintiff became aware that these diagnosis were false and had been fabricated for use and purposes other than for which they should have been intended; not for patients well being[2]. Instead, by presenting unspecific diagnosis, which were not verified, and which were changed and replaced with other unsupportable diagnoses over time, the defendants created a false means by which they could prescribe medication and submit bills to be paid by public insurance. During the period between 1995 and 2000, defendants Child & Family Services of New Bedford, Karlin and its agents, and each of them violated plaintiff's civil rights guaranteed under the United States Constitution, the Massachusetts Civil Rights Act, and the Massachusetts Equal Rights Act, failing to meet the standards of their profession or respective licenses, by treating plaintiff unnecessarily, based on false diagnoses, whereupon he was administered defective mental treatment including the administration of psychiatric medications. This occurred on several occasions, while in the care and control of the facilities as well as an outpatient. Plaintiff, suffering severe "side-effects" from treatment, and an overall deterioration affect during this period and since, questioned the

---

[1] Several requests have been submitted to defendant Child & Family Services of New Bedford for records pursuant to 243 code Mass. Regs. § 2.07 (13)(B). Only a fraction of the records requested were granted, and further inquiries met with no response.

[2] Subsequent diagnosis from other certified professionals indicate no problem with plaintiff's mental health existed.

need for the prescribed medications and the accuracy of the diagnosis upon which they were being administered. During that period of "care" at the Myrtle Street facility, plaintiff's queries never received answers substantiating the nature and variability of diagnoses, the need for prolonged stays, the need subsequently for medications, nor especially any warnings of the potential long term adverse affects and problems associated with using, and discontinuing the medications. Defendants violated M.G.L. c. 233 § 20B whereby they treated plaintiff unnecessarily, based on false accusations and hearsay obtained by unprivileged and coerced communication. The inherently false diagnoses were then used to administer defective mental treatment including the prescription of psychiatric medications. During the periods of "evaluations" at the facilities, plaintiff never received answers to these queries, or as to the nature of a real and consistent diagnosis. Subsequent professional opinions indicate erroneous or untrue diagnoses were made and treatment administered that was not required; each of which was ultimately used to cover excessive and unwarranted billing.

8. As a result of the acts of defendants, and each of them, and their failure in providing reasonable care, treatment rendered by the defendants, and the inaccurate recorded accounts thereof, indicate negligent supervision by defendant Child & Family Services of New Bedford and by the individual defendants who thereby violated Restatement (second) of Torts 317, which states, in part, that an employer must also exercise "reasonable care" with an employee(s) who are acting outside the scope of employment "as to prevent him from harming others or so conducting himself as to create an unreasonable risk of bodily harm to them," if, first, the employer knows that it has the ability to control the employee(s) and "should know of the necessity and opportunity for exercising such control," and, second, the employee is in the workplace or using the property of the employer (see also Second Count). As a result plaintiff suffered shame and great damage to his reputation and embarrassment in his community, all to his damage. Further, defendant Child & Family Services' actions, with that facilities knowledge, assistance, and yet failed supervision over the employees, support this action against defendant Child & Family Services of New Bedford, for their willful failure to investigate, review, and supervise plaintiff's care with respect to the false circumstances and diagnoses under which he received treatment.

9. As a proximate result, the conspired acts defendants, and each of them, and their agents, and concealment of facts and opinions which indicated plaintiff had no ailments at all, permitted the unneeded treatment and inherent injuries to occur. As a result plaintiff suffered therapy induced deterioration that caused shock and great suffering and anguish of the body and mind. Current analysis suggests the injuries could result in some permanent disability to plaintiff, all to his general damage.

10. As a further result of the acts of defendants, and each of them, as herein alleged, plaintiff was required to and did employ physicians and counselors for medical examination, treatment, and care of injuries. As a proximate result of the acts of defendants, and each of them, as herein alleged, plaintiff has incurred, and may incur, further medical and incidental expenses for the care and treatment of these injuries, the exact amount of which is unknown at the present time. Further, the acts of defendants, and each of them, as herein alleged, were willful, wanton, malicious, and oppressive, and justify the awarding of punitive damages.

## SECOND COUNT
### (Negligent Hiring, Retention, and Supervision)

1. This Count refers to and incorporates, as though fully set forth herein, Paragraphs 1 - 10, inclusive, of the First Count of this First Cause.
2. Child & Family Services of New Bedford, negligently hired, retained, and supervised co-defendant Karlin to provide psychiatric care and mental health treatment on their premises and to perform other related functions.
3. Defendant Child & Family Services of New Bedford, in hiring, retaining, and supervising the co-defendants, failed to use due care in the selection and retention of employees whom they knew or should have known were unworthy, by habits, temperament, or nature, to objectively diagnose and treat patients according to doctrines of medical practice and defendant Karlin's sworn Hippocratic oath.
4. Defendant Child & Family Services of New Bedford, by retaining, and supervising the administration of defendant Karlin's services, was negligent in overseeing and perpetuating policies and inherent treatment that the employer knew or should have known were inappropriate or defective, and that such treatment involved an unreasonable risk of harm to plaintiff (in violation Restatement (second) of Torts 317).

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| George Logue | CIVIL ACTION |
| Plaintiff | CASE NO.1:05-11752-NMG |
| | COMPLAINT FOR DAMAGES |
| | Civil Rights Violation – |
| v. | Strict Liability |
| Steven Karlin, | |
| Child & Family Services of New Bedford | (UNLIMITED CIVIL CASE) |
| Defendants | |

## SECOND CAUSE
(Strict Liability)

Plaintiff alleges:

1. Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1 – 10, inclusive, of the First Cause.
2. Defendant's Karlin and Child & Family Services of New Bedford, administered or provided psychotherapy on a regular basis to patients at their respective facilities of Myrtle Street, and 543 North Street, New Bedford, MA..
3. Defendant Steven Karlin oversaw, administered, or provided psychotherapy to plaintiff as an incidental part of the psychiatric care and mental health treatment imposed upon him as part of unneeded psychological evaluations and after care. In doing so, defendants, and each of them, failed to warn plaintiff of potentially harmful and irreversible effects caused by rendering unneeded treatment. Further, defendants were negligent and exhibited poor professional judgment by failing to inform and warn of risks associated with the various medications, or that a significant percentage of patients, receiving psychotherapy, suffer a known regression of health; a deterioration effect.
4. As a result of the actions, the defendants, and each of them, violated the Restatement (2nd) of Torts § 402A, regarding the strict liability of Child & Family Services of New Bedford and it's agents for providing treatment, a product service in defective condition, where none was needed, and § 456 and § 457(b) pertaining to the emotional disturbance imparted by the negligence of the defendants. As a further proximate result of these actions and additional infractions of the defendants, including Child & Family Services of New Bedford, the overseeing physicians, and social workers, plaintiff was treated with poor medical practice whereby the defendants failed to exercise the proper standard of care by failing to investigate, and disprove the hearsay and false pretenses originating from irregular communication with family sources.

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| George Logue | CIVIL ACTION |
| Plaintiff | CASE NO. 1:05-cv- |
| | COMPLAINT FOR DAMAGES |
| | Civil Rights Violation - Intentional |
| v. | Infliction of Emotional Distress |
| Steven Karlin, | |
| Child & Family Services of New Bedford | (UNLIMITED CIVIL CASE) |
| Defendants | |

THIRD CAUSE
(Intentional Infliction of Emotional Distress)

Parties

1. Plaintiff is currently a resident of Middlesex County, Massachusetts.
2. Defendant Child & Family Services of New Bedford located at Myrtle Street, and 543 North Street, New Bedford, MA 02740, and while under it's employment and direction, Steve Karlin, at all times herein mentioned claimed to be a trained professional at those mental health facilities and outpatient clinics, with the principal places of business in Bristol County, that are engaged in providing hospital services, facilities, mental health treatment and psychiatric care.
3. Plaintiff is unaware of all the true names and capacities of all defendants sued herein, inclusive, and therefore sues these defendants by their names known to him and according to their believed capacity of employment. Plaintiff will amend this complaint to allege additional defendants or more accurate names if ascertained. Plaintiff is informed and believes and thereon alleges that each of the named defendants is responsible in some manner for the occurrences herein alleged, and that injuries as herein alleged were proximately caused by their conduct.
4. Defendant Karlin, while at defendant Child & Family Services of New Bedford, and at all times herein mentioned was duly licensed and a practicing physician specializing in Psychiatry. Plaintiff is informed and believes and thereon alleges that each of the named defendants is responsible in some manner for the occurrences herein alleged, and that his injuries as herein alleged, and thereafter contributed to by continuing unnecessary treatment, were proximately caused by their conduct.
5. Defendant Karlin, at all times herein mentioned was the agent and employee of the co-defendant Child & Family Services of New Bedford, and in doing these things hereinafter alleged, did so while at defendant Child & Family Services of New Bedford facilities. Plaintiff is informed and believes and thereon alleges, each and every one of the wrongful acts of the defendants, and each of them noted herein, was done under the approval, express or implied, of their employer.

Jurisdiction

6. This court has jurisdiction over this matter; pursuant to title 42 U.S.C.S. Plaintiff beseeches this court in order that an impartial forum is available. The complaint is being introduced, now, at this late juncture only as it has become apparent that the events, as described herein and in relation to the other related complaints, are responsible for injuring plaintiff and continue to have an adverse affect on his historical and future record. Plaintiff submits this action now, where his absence of knowledge and understanding of the existence, and nature of injuries caused, prevented him from filing complaints at an earlier date.

Facts

7. On July 27, 1995, and at several other times thereafter, plaintiff, having been urged by family members and in conjunction with a friend of plaintiff's parents, Dr. Jonathan Schwartz of New Bedford, presented himself to defendant Child & Family Services of New Bedford, at that time called New Bedford Child & Family Services, for an intervention to counseling he had received from Dr. Schwartz. On this date, and on several occasions thereafter, to be confirmed by medical records,[1] plaintiff received treatment by the defendants, and each of them, who led him to believe a problem existed with his state of mental health. On at least one such occasion, defendant Karlin, the Myrtle Street facility, and it's servants and agents, violated plaintiff's rights guaranteed by the Fourth Amendment and Due Process and Equal Protection clauses of the Fourteenth Amendment and a panoply of other rights arising under the Constitution as enforced by 42 U.S.C.S § 1983, and Massachusetts G. L. c. 123 § 15, and G. L. c. 12 § 11, by imprisoning him against his will and subjecting him to unwarranted and further unneeded medical treatment and evaluation, and despite repeated demands to be released. Defendants Karlin, Child & Family Services and its agents in violation of 42 U.S.C.S § 1985, conspired to admit, treat, and detain the plaintiff at the facility for reasons related to their own financial interests rather than the patient's psychiatric condition. At a later time, plaintiff became aware that these diagnosis were false and had been fabricated for use and purposes other than for which they should have been intended; not for patients well being[2]. Instead by presenting unspecific diagnosis, which were not verified, and which were changed and replaced with other unsupportable diagnoses over time, the defendants created a false means by which they could prescribe medication and submit bills to be paid by public insurance. During the period between 1995 and 2000, defendants Child & Family Services of New Bedford, Karlin and its agents, and each of them violated plaintiff's civil rights guaranteed under the United States Constitution, the Massachusetts Civil Rights Act, and the Massachusetts Equal Rights Act, failing to meet the standards of their profession or respective licenses, by treating plaintiff unnecessarily, based on false diagnoses, whereupon he was administered defective mental treatment including the administration of psychiatric medications. This occurred on several occasions, while in the care and control of the facilities as well as an outpatient. Plaintiff, suffering severe "side-effects" from treatment, and an overall deterioration affect during this period and since, questioned the need for the prescribed

---

[1] Several requests have been submitted to defendant Child & Family Services of New Bedford for records pursuant to 243 code Mass. Regs. § 2.07 (13)(B). Only a fraction of the records requested were granted, and further inquiries met with no response.
[2] Subsequent diagnosis from other certified professionals indicate no problem with plaintiff's mental health existed.

medications and the accuracy of the diagnosis upon which they were being administered. During that period of "care" at the Myrtle Street facility, plaintiff's queries never received answers substantiating the nature and variability of diagnoses, the need for prolonged stays, the need subsequently for medications, nor especially any warnings of the potential long term adverse affects and problems associated with using, and discontinuing the medications. Defendants violated M.G.L. c. 233 § 20B whereby they treated plaintiff unnecessarily, based on false accusations and hearsay obtained by unprivileged and coerced communication. The inherently false diagnoses were then used to administer defective mental treatment including the prescription of psychiatric medications. During the periods of "evaluations" at the facilities, plaintiff never received answers to these queries, or as to the nature of a real and consistent diagnosis. Subsequent professional opinions indicate erroneous or untrue diagnoses were made and treatment administered that was not required; each of which was ultimately used to cover excessive and unwarranted billing.

8. As a result of the acts of defendants, and each of them, and their failure in providing reasonable care, treatment rendered by the defendants, and the inaccurate recorded accounts thereof, indicate negligent supervision by defendant Child & Family Services of New Bedford and by the individual defendants who thereby violated Restatement (second) of Torts 317, which states, in part, that an employer must also exercise "reasonable care" with an employee(s) who are acting outside the scope of employment "as to prevent him from harming others or so conducting himself as to create an unreasonable risk of bodily harm to them," if, first, the employer knows that it has the ability to control the employee(s) and "should know of the necessity and opportunity for exercising such control," and, second, the employee is in the workplace or using the property of the employer (see also Second Count). As a result plaintiff suffered shame and great damage to his reputation and embarrassment in his community, all to his damage. Further, defendant Child & Family Services' actions, with that facilities knowledge, assistance, and yet failed supervision over the employees, support this action against defendant Child & Family Services of New Bedford, for their willful failure to investigate, review, and supervise plaintiff's care with respect to the false circumstances and diagnoses under which he received treatment.

9. As a proximate result, the conspired acts defendants, and each of them, and their agents, and concealment of facts and opinions which indicated plaintiff had no ailments at all, permitted the unneeded treatment and inherent injuries to occur. It has become apparent that these were egregious acts, that were intentional, and were unnecessary for the purpose of any reasonable psychotherapy. Further, defendant's knowledge of plaintiff's concern and doubt about the changing and variable diagnoses, alarm about his deteriorating condition, the amount of time passing without any positive sign of improvement, the inherent variable treatments where plaintiff was visibly upset as a result of discussions regarding such issues, and pertaining to diagnoses and lack of improvement from defendant's treatment, and in that instance where defendants observed that plaintiff was becoming visibly distraught as a result of defendant's actions of confining him unnecessarily, ratified that the defendant's overall conduct was done with the knowledge that plaintiff's emotional and physical distress would thereby increase, and was done with a wanton and reckless disregard of the consequences to plaintiff. As a result plaintiff suffered therapy induced deterioration that caused shock and great suffering and anguish of the body and mind. Defendant's acts, discussed herein this cause, as well as the administration of psychiatric medications, caused plaintiff to sustain further shock and injury to his nervous system and person, and among others, sustain injuries to the body and mind, all of which injuries caused plaintiff to suffer physical pain, and severe and extreme mental anguish. Current analysis suggests the injuries could result in some permanent disability to plaintiff.

10. As a further result of the acts of defendants, and each of them, as herein alleged, plaintiff was required to and did employ physicians and counselors for medical examination, treatment, and care of injuries. As a proximate result of the acts of defendants, and each of them, as herein alleged, plaintiff has incurred, and may incur, further medical and incidental expenses for the care and treatment of these injuries, the exact amount of which is unknown at the present time. Further, the acts of defendants, and each of them, as herein alleged, were willful, wanton, malicious, and oppressive, and justify the awarding of punitive damages.

WHEREFORE, plaintiff prays judgment as follows:

1. For general damages according to proof;
2. For punitive and exemplary damages, amount demanded $ 2,700,000.00;
3. For medical and incidental expenses according to proof;
4. For interest as allowed by law;
5. For costs of suit herein incurred; and
6. For such other and further relief as the court may deem proper.

April 25, 2006                                                    /s/ *[signature]*

VERIFICATION

I, George Logue, am the plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same is true of my knowledge, except as to those matters, which are herein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of Massachusetts that the foregoing is true and correct.

April 25, 2006                                              George Logue

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
George Logue

DEFENDANTS
Steven King et al.

2006 APR 25 P 4:51

U.S. DISTRICT COURT
DISTRICT OF MASS.

(b) County of Residence of First Listed Plaintiff: Middlesex
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Bristol
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

TORTS
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☒ 440 Other Civil Rights

PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
  Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title 42 1983 1985
Brief description of cause: Civil Rights Medical Malpractice

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE NMG    DOCKET NUMBER 05 11752

DATE: 4/25/06
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____