

UNITED STATES DISTRICT COURT
DISTRICT OF MASSCHUSETTS

|  |  |
|---|---|
| George Logue | CIVIL ACTION |
| Plaintiff | CASE NO 05-11752- NMG |
| v. |  |
| Steven Karlin, et al., |  |
| Defendants |  |

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF RENEWED APPLICATION AND IN RESPONSE TO COURT ORDER

Plaintiff submits this Memorandum to this Honorable Court in support of his Motion to show good cause why the complaint should not be dismissed and to provide reasoning mandated by the court's ruling and order of December 14, 2005. Again, where that Order was received late, and then misplaced, plaintiff has only recently recognized the need to respond. Where the court and Justice Gorton's Order has now warned of potentially being enjoined, regarding right to file future pleadings, plaintiff humbly requests that the court entertain this tardy response.

### Background

On December 14, 2005 this court issued a memorandum advising this claim, for numerous reasons, was subject to dismissal. The plaintiff's claim came as one of several related series of complaints filed in this court. Plaintiff respectfully submits this Memorandum of Law where he believes this district court's decision and ruling are, at least premature, where it moved to dismiss this claim during the screening phase, prior to any discovery, and where this complaint was introduced and while trying to impress upon the court, it's relation to the other complaints which passed the same screening process and were granted the means to proceed. After some modifications to the complaint, the new application is presented with the arguments herein, along with plaintiff's Declaration to Show Cause which address' those issues mandated by the court Order.

1

## DISCUSSION AND RESPONSE

I. The Application to Proceed Without Prepayment of Fees

Plaintiff had previously submitted his complaint and application to proceed without prepayment of fees, and the court, during the preliminary screening phase, had found several deficient responses. Pursuant to the Court's Order (p. 9) plaintiff responds with the corrected application forms and complaint.

II. The Court May Screen This Action

This Honorable Court screened the complaint pursuant to 28 U.S.C. § 1915 and warned of dismissal, as is just in certain instances where an application made, in forma pauperis, fails to meet acceptable criteria. Plaintiff respectfully asserts that is not the case here. Under 28 U.S.C. §1915(d), which authorizes a federal court to dismiss an in forma pauperis action if the court is satisfied that the action is frivolous, a dismissal based on a finding of factual frivolousness is appropriate when the facts alleged in the action rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict the facts alleged, where a court may dismiss a claim as factually frivolous under 1915(d) only if the facts alleged are clearly baseless, which category encompasses allegations that are fanciful, fantastic, or delusional; although under 1915(d) a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of a plaintiff's allegations, the initial assessment of an in forma pauperis plaintiff's factual allegations must, in order to respect the congressional goal of assuring equality of consideration for all litigants, be weighted in favor of the plaintiff, where a 1915(d) frivolousness determination cannot serve as a fact finding process for the resolution of disputed facts; although some improbable allegations in an in forma pauperis complaint might properly be disposed of under 1915(d) on summary judgment, a complaint may not be dismissed under 1915(d) simply because a court finds the plaintiff's allegations unlikely. *Denton v. Hernandez, 504 U.S. 25 (1992).* Where this court is at least aware of the other cases that plaintiff has filed, and on which he has been permitted to proceed, the alleged facts alone, from events common to each complaint, suggest that there [is] an arguable basis in law and fact, that the complaint sufficiently states a claim, and from actors who are entitled no immunities.

Statute of Limitations

This complaint and the related complaints arose as a result of events in which plaintiff had been told people were trying to help him. After a period of time in which plaintiff had sought out others counsel and opinions, it became clear that events, of the period discussed in this complaint, had not been fostered with good intentions, but rather, malicious intent; a result of which had caused considerable harm.

Plaintiff does not assert there had been circumstances in which plaintiff knew, or had reason to know, at the time of these events, that he had suffered a constitutional injury and so the statute had not begun to run. Further the events, as a whole and as discussed in the related complaints, lead to a chain of events with a different characterization of the entire constitutional injury, and so plaintiff asserts a different accrual date applies. A federal court adjudicating a section 1983 action typically borrows the forum state's general statute of limitations for personal injury actions, and this court's Order referenced the three year state limitation.

However, the complaint describes the nature of the injuries and how they were discovered at a later time. In conjunction with Massachusetts' "discovery rule" a cause of action will accrue when the plaintiff actually knows of the cause of action or when the plaintiff should have reasonably known of the cause of action. *Riley v. Presnell*, 409 Mass. 239, 565 N.E.2d 780 (1991) Plaintiff asserts the limitations, with respect to his malpractice claims against the psychotherapists and their employers began to run only when he became aware of the injuries. It was strictly upon that realization that a civil action was begun.

With the courts notation regarding the three year statute of limitations, a genuine dispute exists as to when the plaintiff knew or should have known that he was harmed by the defendant's wrongful conduct, and therefore dismissal on these grounds, and with regard to these questions typically left for a jury would be improper.

III. Analysis

A. The Section 1983 Claim

First, where the court's Order threatens dismissal prior to any fact finding or discovery, this court's action would be premature. *Forte v. Sullivan*, 935 F. 2d 1 (1991). Prevailing in an action brought under Section 1983, requires the plaintiff show that [he] was deprived of a right, immunity, or privilege secured by the Constitution or laws of the United States by a person

3

acting under color of state law. Plaintiff clearly outlined the liberty interest he was deprived of when defendants Karlin and Child & Family Services continued to keep him imprisoned for the sake of running up insurance benefit payments. However, this court stated in its memo (12/14/05, p.4) that inferences of acting under color of state law had not been shown that would support suit under 42 U.S.C. § 1983 (this court citing *Alexis* at 351 (1995) and *Henderson* at 707 (S.D.N.Y. 1996)).

Plaintiff has attempted to structure his complaint so that it shows, the defendants are amenable to suit under § 1983, because, on the one hand, they acted "under color of state law" as willful participants in joint activity with the state and its agents (referring to unwarranted detention by defendants and their interdependence on, and while being intertwined with the state. A "nexus" and "entwinement" argument is favorable to plaintiffs claim because both of them focus specifically on the state's involvement in the challenged conduct at issue. As the First Circuit has explained, the "nexus" inquiry "is a targeted one, with the challenged conduct at the hub of the analytical wheel. Thus, the focal point is the connection between the State and the challenged conduct, not the broader relationship between the State and the private entity." (emphasis added).*Howard v. Malac*, 270 F. Supp. 2d 132 (2003).

The detention alone was a violation of plaintiff's Fourth Amendment rights.

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." FOURTH AMENDMENT [U.S. Constitution]

To pass muster under the Fourth Amendment, detention must be "reasonable." Plaintiff's complaint alleges, and he contends that records show it was not, but rather a flagrant misuse of power that held him imprisoned and undergoing unneeded treatment. On that premise, the named defendants simply acted under color of state law by abusing the power vested in them under laws and regulations laid down by the Commonwealth.

The Constitution provides that, "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." FOURTEENTH AMENDMENT [U.S. Constitution] - 'SECTION 1

4

And with that clearly stated, analysis of "under color of state law" covers not only acts done by an official under a State law, *but also acts done by an official under any ordinance of a county or municipality of the State, as well as acts done under any regulation issued by any State* or County or Municipal official, and even acts done by an official under color of some State or local custom. To act "under color of state law" means to act beyond the bounds of lawful authority, but in such a manner that the unlawful acts were done while the official was purporting or pretending to act in the performance of his official duties. In other words, the unlawful acts must consist of an abuse or misuse of power which is possessed by the official only because he is an official. "Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of' state law." - Lectlaw(dot)com.

Child & Family Services' contractual role and funding (even as a "not for profit") in providing affirmative state obligations raises significant questions about the extent to which Child & Family Services can be considered "private" at all. If the state chose to provide medical care directly through state employed physicians, their decisions would be considered action under color of law even if contrary to governing regulations, *Lombard v. Eunice Kennedy Shriver Center for Mental retardation, Inc.*, 556 F. Supp. 677 (1983). *See, e.g., O'Connor v. Donaldson*, 422 U.S. 563, 577, 45 L. Ed. 2d 396, 95 S. Ct. 2486 (1975), where the Court confirmed the standard of a physician-administrator's liability in a state psychiatric hospital. In this instance, although not designated a "state hospital" the lines of contractual agreements for services, as well as funding and insurance, bring the "private" players into the same flux, as others formally dubbed state actors. As in these cited cases the "relevant question . . . is whether [the physicians, agents and administrators] knew or reasonably should have known that the actions [they] took within the sphere of [their] official responsibility would involve the [plaintiff's] constitutional rights.'" *Id.*

Plaintiff reasserts that defendants, by abusing the authority of their position or business, as they were empowered under state laws, they were acting under color of law.

5

B. The Section 1985 Claim

Plaintiff has also alleged conspiracy, where the defendants directly and explicitly conspired to deprive him of equal protection, equal privileges and equal rights guaranteed to him under the Constitution and the laws of the United States, and in violation of 42 U.S.C. § 1985(3). In addition to reasons stated in the complaint, plaintiff has observed that various standards exist concerning conspiracy. Plaintiff has alleged a conspired interference accompanied by improper motive or improper means, *Draghetti v. Chmielewski*, 416 Mass. 808, 816 n.11, 626 N.E.2d 862 (1994), and as such, plaintiff need not prove both; an improper means suffices equally as evidence that "'some racial or perhaps otherwise class-based, invidiously discriminatory animus'" motivated the alleged conspirators . (This court had cited *Aulson* (1996) requoting *Griffin* at 102 (1971), p. 5). For purposes of this cause of action, "improper means" may consist of a violation of a statute or common law precept. *United Truck Leasing Corp. v. Geltman*, 406 Mass. 811, 551 N.E.2d 20, (1990). The plaintiff has alleged that defendants used his initial improper detention to prolong his stay and treatment and that constituted nothing more than a minority expression on his behalf, while recognized as a breach of duty and law by defendants. The plaintiff thus should not additionally be required to allege that the defendants acted with improper motives; though sufficient allegations are also in the complaint (p. 3, para 7).

As such plaintiff purports that the evidence, when viewed in the light most favorable to him, is sufficient for a reasonable jury to infer that a conspiracy occurred, and to the extent the claim was brought regarding conspiracy, the threat of dismissal of the case at this juncture is inappropriate.

C. Plaintiff's State Law Claims

Because plaintiff's complaint and the state law claims therein had been subject to dismissal if this court declined a favorable disposition of federal subject matter jurisdiction (court Order p. 6), for the reasons included in the arguments presented above, plaintiff request that the court would exercise pendant jurisdiction over the state law claims should it be moved to reconsider the complaint overall.

IV. Declaration To Show Cause Why Plaintiff Should Not Be Enjoined

Plaintiff's response herein, has attempted to present reasons why the specific complaint should not be dismissed, and in doing so, plaintiff has also made implications into the years of work and related complaints, that plaintiff has filed to counter some very distressing events that have attempted to discriminately change the course of his life. This court's Order makes troubling remarks implying that plaintiff's attempts to "right" these wrongs have been made in a frivolous or vexatious manner. Nothing could be further from the truth. Each of the primary complaints, in each string of related actions, underwent a similar screening phase by peers of this court, and was granted permission to go forward, was served, and has proceeded through various channels in the courts. The manner in which the court, mistakenly has inferred these efforts, is not only a further burden on plaintiff's limited resources, but also inappropriately seems to be threatening the only means plaintiff has at a reasonable accommodation for seeking redemption from parties responsible for such unfortunate events.

In *United States v. Gilbert*, 198 F.3d 1293, 1298 (11th Cir. 1999), the Eleventh Circuit interpreted "frivolous" using the "ordinary meaning" of the word as provided in Black's Law Dictionary. 198 F.3d at 1298-99 (citing *Chapman v. United States*, 500 U.S. 453, 462, 114 L. Ed. 2d 524 111 S. Ct. 1919 (1991)). The court determined "frivolous" means groundless... with little prospect for success; often brought to embarrass or annoy defendant." *Gilbert* 198 F.3d at 1299. Vexatious is defined in a legal dictionary as "without reasonable or probable cause or excuse, harassing, annoying."

To show that this complaint is "frivolous," in all fairness, it should be demonstrated that plaintiff's position was "foreclosed by binding precedent or so obviously wrong as to be frivolous." *Gilbert*, 198 F.3d at 1304. Plaintiff contends it is not.

Plaintiff's asserts that his complaint, when read in a light most favorable to him, and in conjunction with his related complaints further along in the judicial process, states claims upon which relief may be granted, and in no way could be inferred as frivolous or vexatious. And where he has offered details alleging violations of law, including those violations of his liberties, and direct reference is made to supporting documentation, including opposing professional opinions, and supporting research, without even beginning the discovery process, he believes the action to be more than simply a burden on this court's time and resources.

## CONCLUSION

For the reasons discussed above, plaintiff prays the court will reconsider the issues concerning dismissal of his complaint at this stage. Moreover, plaintiff sincerely hopes the court will reevaluate plaintiff's position, given the discussion presented herein, and find that plaintiff, needs not another hurtle to overcome by being enjoined, but instead only requires a more level playing field on which he hopes to meet his adversaries, and while seeking redress in the courts.

Respectfully submitted,

<u>April 25, 2006</u>
Date

*/s/ George Logue*