UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:05-cv-11752-NMG

| | |
|---|---|
| GEORGE LOGUE,        Plaintiff | )<br>)<br>) |
| vs. | )<br>) |
| STEVEN KARLIN, M.D.,<br>CHILD & FAMILY SERVICES OF<br>NEW BEDFORD, and,<br>PHILLIP DINGMAN,        Defendants | )<br>)<br>)<br>)<br>) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANT, STEVEN KARLIN, M.D., TO DISMISS PLAINTIFF, GEORGE LOGUE'S COMPLAINT PURSUANT TO FED.R.CIV.P. 12(B)(5)**
<u>**FOR INSUFFICIENCY OF SERVICE OF PROCESS**</u>

NOW COMES the Defendant, Steven Karlin, M.D., and pursuant to Fed.R.Civ.P. 12(b)(5), hereby submits this Memorandum of Law in support of his Motion to Dismiss Plaintiff, George Logue's Complaint for insufficiency of service of process. Specifically, despite three (3) extensions of time, Plaintiff has failed to properly effectuate service of process upon Defendant, Steven Karlin, M.D. in compliance with Fed.R.Civ.P. 4(e)(2)

In support of this motion, the Defendant, Steven Karlin, M.D., states the following:

1.  On or about August 18, 2005, the Plaintiff, George Logue, filed a Complaint against, *inter alia*, the Defendant, Steven Karlin, M.D. *See* Civil Action Docket Sheet. On the same date, the Plaintiff filed a Motion for Leave to Proceed In Forma Pauperis. *See* Civil Action Docket Sheet.

1

2. On December 14, 2005, the Court (Gorton, J.) denied Plaintiff's motion and issued an Order requiring him within thirty-five (35) days to submit a new application to proceed without payment of fees and to demonstrate good cause why his action should not be dismissed and why he should not be enjoined from filing further actions without leave of Court. *See* Civil Action Docket Sheet.

3. On April 25, 2006, Mr. Logue filed a Motion for Application to Proceed without Payment of Fees.

4. On June 16, 2006, the Court allowed Plaintiff's application to *proceed in forma pauperis.*

5. On September 28, 2006, the Court ordered that the Clerk issue summonses and the United States Marshal serve a copy of the summons and complaint on each of the Defendants. The Court granted a sixty (60) days extension for service of process up through and including November 29, 2006. *See* Civil Action Docket Sheet.

6. On October 13, 2006, the Plaintiff moved to extend the time for thirty (30) days to make service upon the Defendants. *See* Civil Action Docket Sheet.

7. On November 7, 2006, the Court granted an extension for Plaintiff to effectuate service of process until December 13, 2006. *See* Civil Action Docket Sheet.

8. In contravention of Fed.R.Civ.P. 4(j), Plaintiff failed to effectuate service of process upon Defendant, Steven Karlin, M.D., within the extended period of time permitted by the Court.

9. Dr. Karlin received a summons and complaint at his place of business on December 22, 2006. *See* Affidavit of Steven Karlin, M.D. attached hereto as

      Exhibit A.

10. The time for service of process had expired at the time that Plaintiff attempted to serve Defendant, Steven Karlin, M.D.

11. On January 9, 2007, the Court (Gorton, J.) ordered that the case be dismissed.

12. On January 18, 2007, Plaintiff filed a Motion for Reconsideration of the Court's dismissal of this action.

13. On May 11, 2007, the Court allowed Plaintiff's Motion for Reconsideration and re-opened the case as to Defendants, Steven Karlin, M.D. and New Bedford Child & Family Services.

14. Under Fed.R.Civ.P. 4(e)(2), service upon an individual made be made by delivering a copy of the summons and complaint upon the individually personally or by leaving copies at the individual's dwelling house or by delivering to an agent authorized by appointment or by law to receive service of process.

15. Dr. Karlin was not served in person nor at his place of reside. *See* Exhibit A.

16. On December 22, 2006, Sarah O'Toole, R.N., a nurse affiliated with Dr. Karlin's program who happened to be at the reception window, was given a summons and complaint. Nurse O'Toole works with Dr. Karlin, but was not an authorized agent to accept service of process on his behalf. *See* Affidavit of Sarah O'Toole, R.N., attached hereto as Exhibit B.

17. The fact that Nurse O'Toole purported to accept service on behalf of Dr. Karlin is not sufficient to prove agency relationship. Because apparent authority may not be created by acts of the agent, there must be evidence that the Defendant himself intended to confer such authority on the agent. *See* MW Ag., Inc. v. New

          Hampshire Ins. Co., 107 F.3d 644, 647 (8th Cir. 1997); Restatement (Third) of Agency s. 2.03 (Tentative Draft No. 2, 2001).

18. A co-employee of a Defendant cannot unwittingly become the Plaintiff's process server. "Personal service of a summons to a party through a co-employee does not constitute sufficient service unless the co-employee is the agent of the party to be served." Richards v. New York State Dep't of Correctional Svcs., 572 F. Supp. 1168, 1173 (S.D.N.Y. 1983). This is true even if the co-employee personally hands the summons and complaint to the Defendant.

19. Plaintiff will not be able to show good cause for his failure to sufficiently serve Defendant Dr. Karlin within the extended time permitted for service of process. *See* Fed.R.Civ.P. 4(m).

20. The Defendant was not evading process nor ensconced in a remote foreign nation; Dr. Karlin is a physician practicing in the area who is relatively easy to find and serve.

21. The procedural rules are intended to promote the ends of justice, not simply to interpose hurdles to valid claims. However, those rules cease to have any meaning if they can be ignored without any consequences.

22. Even a litigant proceeding *pro se* must adhere to the rules of civil procedure. While it is true that a *pro se* litigant is not held to the standards of an attorney, he may not roam freely beyond the procedural walls of the law. *See, e.g.*, Boivin v. Black, 225 F.3d 36, 43 (1st Cir. 2000); Hurney v. Carver, 602 F.2d 993, 995 (1st Cir. 1979).

23. Mr. Logue has already been granted three extensions for service of process. Even

    after being granted these extensions, he failed to properly serve the Dr. Karlin within the prescribed time period.

24.    The Defendant, Steven Karlin, M.D., will endure prejudice if this matter is not dismissed for insufficiency of service of process. Specifically, Dr. Karlin has not had notice of this case even though it has been pending against him for over a year. He has not been able to investigate this claim in a timely manner in order to fully defend himself.

WHEREFORE, the Defendant, Steven Karlin, M.D., respectfully requests that this Honorable Court allow his motion and dismiss Plaintiff's Complaint with prejudice pursuant to Fed.R.Civ.P. 12(b)(5) for insufficiency of service of process.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(2)

The undersigned state that they have been unable to communicate with pro se Plaintiff Mr. Logue as he has failed to provide an address or phone number with the Court and the

undersigned has called the Court in a good faith attempt to try and locate Mr. Logue but have been unable to contact him.

                                                            Respectfully submitted,

                                                            /s/ Jeffrey W. Colman
                                                            CLAUDIA A. HUNTER, BBO# 244730
                                                            JEFFREY W. COLMAN, BBO# 564173
                                                            Attorneys for Defendant,
                                                             Steven Karlin, M.D.
                                                            HUNTER & BOBIT, P.C.
                                                            83 Atlantic Avenue
                                                            Boston, MA 02110
                                                            (617) 371-1440

Dated: 6/7/07

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:05-cv-11752-NMG

| | |
|---|---|
| GEORGE LOGUE, | ) |
|     Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| STEVEN KARLIN, M.D., | ) |
| CHILD & FAMILY SERVICES OF | ) |
| NEW BEDFORD, and, | ) |
| PHILLIP DINGMAN, | ) |
|     Defendants | ) |

CERTIFICATE OF SERVICE

    I hereby certify that the **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANT, STEVEN KARLIN, M.D., TO DISMISS PLAINTIFF, GEORGE LOGUE'S COMPLAINT PURSUANT TO FED.R.CIV.P. 12(B)(5) FOR INSUFFICIENCY OF SERVICE OF PROCESS FILED BY STEVEN KARLIN, M.D**., filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on date.

       /s/ JEFFREY W. COLMAN
       CLAUDIA A. HUNTER, BBO# 244730
       JEFFREY W. COLMAN, BBO# 564173
       Attorney for Defendant,
       Steven Karlin, M.D.
       HUNTER & BOBIT, P.C.
       83 Atlantic Avenue
       Boston, MA 02110
       (617) 371-1440

DATED:    6/8/07